**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2500-JAR |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jeffrey Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The matter is fully briefed and ready for disposition. For the following reasons, Petitioner's Petition under 28 U.S.C. § 2254 is **DENIED** and this action is **DISMISSED**.

### I. Background

Petitioner, along with co-defendant Finese Spiller, were prosecuted in the Circuit Court of Jefferson County, Missouri, for carjacking a woman at gunpoint and then forcing her into the trunk of her car. Petitioner and Spiller were represented by different attorneys from the same law firm and were tried separately. On November 26, 2012, one of Petitioner's attorneys—Jolene Taaffe—filed a motion to withdraw as counsel. (Doc. No. 6-17). Taaffe stated in her motion that her husband , who was also her law partner, was currently representing Spiller and that a conflict of interest existed because Petitioner and Spiller's defenses were inconsistent. (*Id*.). The Circuit Court denied Taaffe's motion to withdraw. (*Id.*). On December 4, 2012, Petitioner filed a waiver of conflict in which he stated he was informed of the possible conflict in his representation but expressed his interest and wish to remain represented by Taaffe. (Doc. No. 6-18).

On January 15, 2013, the parties conducted voir dire. The State's prosecutor asked the venire panel if anyone's close family member had been the victim of a crime. The following exchange then took place between venire woman Sonya Smith and the prosecutor:

SMITH: My oldest daughter's car was broken into and her purse was taken in the City of St. Louis, and then they found her contents in an alleged rapist's home, so she got her stuff back and had to go through some stuff with this guy.

PROSECUTOR: Are you talking about she filled out a report, and was he prosecuted?

SMITH: I don't think she had prosecuted him. They just found her contents in his home. It was a young man.

PROSECUTOR: How long ago?

SMITH: It's just been a couple years.

PROSECUTOR: Anything about that process that's kind of shaken your view as far as the State?

SMITH: No. I'm just glad they found her stuff and told her what was going on. He had pictures of her home that he had taken with his phone. It was a pretty scary ordeal.

PROSECUTOR: Absolutely, and the fact that it was that ordeal, is there anything about that that might color your ability to be a juror on this particular case?

SMITH: I would hope not, I can't say one way or the other, but I have a pretty broad view of things.

PROSECUTOR: And it's kind of hard to commit not knowing any of the facts.

SMITH: Sorry?

PROSECUTOR: It's kind of hard to commit not knowing any particular facts, which we can't really get into right now, but we're just kind of speaking generally.

SMITH: Correct.

(Doc. No. 6-2 at 202-03). Later, Petitioner's defense counsel asked the venire panel if there was anything that made them feel like they "just would not be a very good juror in this case." (*Id.* at 223-24). None of the jurors responded to defense counsel's question and Smith was not asked any follow up questions. Smith ultimately served on the jury.

Petitioner was ultimately found guilty of robbery in the first degree, felonious restraint, and armed criminal action. The circuit court sentenced Petitioner to thirty years for the robbery in the first degree, seven years for the felonious restraint, and ten years for the armed criminal action, all to be served consecutively. (Doc. No. 6-3 at 39). Following sentencing, Petitioner filed a direct appeal arguing that the trial court erred in denying his motion for judgment of acquittal wherein he alleged that there was insufficient evidence to convict him of felonious restraint. (Doc. No. 6-3). On July 17, 2015, the Missouri Court of Appeals denied Petitioner's direct appeal. (Doc. No. 6-7).

Subsequently, Petitioner filed a pro se motion for state post-conviction relief under Missouri Court Rule 29.15, arguing that he received ineffective assistance of counsel because his trial attorneys failed to exclude a suggestive identification; that the trial court erred because there was insufficient evidence to support his conviction; that the trial court erred in refusing his trial attorney's motion to withdraw; and that there was prosecutorial misconduct. (Doc. No. 6-9 at 7). Petitioner was appointed counsel who filed an amended post-conviction motion on his behalf on December 31, 2015. (*Id.* at 31). In Movant's amended motion, he argued that his trial attorneys were ineffective for failing to seek the removal of juror Smith; that his trial attorneys were ineffective for failing to ask follow up questions to juror Smith to see if she could commit to being a fair and impartial juror; and that his direct appeal attorney was ineffective for failing to raise the claim that the court committed plain error when it denied Taaffe's motion to withdraw. (*Id.* at 21).

The motion court denied Petitioner's post-conviction motion without an evidentiary hearing and Petitioner appealed. On September 12, 2017, the Missouri Court of Appeals affirmed the denial of Petitioner's claims without an evidentiary hearing. (*Id.* at 7-8).

Petitioner is currently incarcerated at Eastern Reception Diagnostic and Correctional Center in Missouri. In the instant petition for writ of habeas corpus, Petitioner raises three grounds for relief:

1. That Petitioner received ineffective assistance of counsel because his trial attorneys failed to seek removal of juror Smith for cause.

2. That Petitioner received ineffective assistance of counsel because his trial attorneys failed to ask juror Smith follow-up questions to ensure she could be a fair and impartial juror.

3. That the trial court erred in denying Petitioner's trial attorney's motion to withdraw based on a conflict of interest.

(Doc. No. 1 at 6-7).

**II. Standard of Review**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

.
28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).

A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court's factual findings are presumed to be correct, and a state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## III. Discussion

### A. Count One and Two: Trial Counsel's Failure to Strike or Further Question Juror Smith

Petitioner's first and second grounds for relief allege that his trial attorneys were ineffective because they did not move to strike juror Smith or ask her follow-up questions to determine whether she could serve as a fair and unbiased juror. In his post-conviction appeal, Petitioner alleged that juror Smith's answers to the prosecutor's questions "should have triggered all kinds of alarm bells" with Petitioner's attorneys and that they should have known that the fact pattern in the case would hit "too close to home" for juror Smith to be impartial. (Doc. No. 6-10 at 19). As evidence of Juror's Smith's bias, Petitioner pointed to the fact that Smith did not commit to saying

that her daughter's experience would not color her perception. Instead, when asked if the experience would affect her ability to be a juror on this particular case, she replied only with "I would hope not, I can't say one way or the other, but I have a pretty broad view of things." Petitioner asserted that this was clear evidence of bias and that a competent attorney would have moved to strike Smith or ask her a series of follow-up questions in order to determine her impartiality.

"Voir dire plays a critical function in assuring the criminal defendant that his [constitutional] right to an impartial jury will be honored." *Morgan v. Illinois*, 504 U.S. 719, 729 (1992) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981)). "Absent the showing of a strategic decision, failure to request the removal of a biased juror can constitute ineffective assistance of counsel." *Johnson v. Armontrout*, 961 F.2d 748, 755 (8th Cir. 1992). "To prevail on a claim of ineffective assistance of counsel based on the failure to strike a biased juror, a federal habeas petitioner must show that the juror was actually biased against the petitioner." *Greenlee v. Wallace*, No. 4:13-CV-1922 (CEJ), 2016 WL 4730312, at *9 (E.D. Mo. Sept. 12, 2016) (citing *Goeders v. Hundley*, 59 F.3d 73, 75 (8th Cir. 1995)). "A demonstration of actual bias requires an impermissible affirmative statement; an 'equivocal' statement is insufficient." *Williams v. Norris*, 612 F.3d 941, 954–55 (8th Cir. 2010) (quoting *Mack v. Caspari*, 92 F.3d 637, 642 (8th Cir. 1996)). "Importantly, '[w]hether a juror is biased against the defendant is a question of fact, and [a federal habeas court] will defer to the state court's finding [about juror bias] 'if it is fairly supported by the record.'" *McFarland v. Wallace*, No. 4:12CV290 RWS, 2015 WL 1347001, at *24 (E.D. Mo. Mar. 19, 2015) (citing *Mack*, 92 F.3d at 642).

Upon review of the voir dire transcript, the Missouri Court of Appeals found that Petitioner had failed to prove that juror Smith was actually biased against Petitioner. The court found that

Smith's answers did not show "specific or obvious indications of a bias" and that "ultimately, when read as [a] whole, Smith's responses actually indicated she would keep an open mind to both sides." (Doc. No. 6-15 at 8). Beyond finding that Petitioner made no unequivocal affirmative statements of bias, the court further reasoned that "any concern" as to whether the experience of juror's Smith's daughter "would impact her ability to be a good juror was likely alleviated by [Petitioner's] defense counsel's catch all question." The court explained:

> Though silence in response to a general question to the panel is not always sufficient to rehabilitate a juror who has indicated a possible bias, here the question was sufficient to redirect Smith and the other jurors' attention back to the idea of how their past experiences might impact them on the jury. By not offering any further information in response to that question, Smith indicated that she could be a fair and impartial juror despite the "ordeal" with her daughter.

(*Id.* at 7 (citing *Edgar v. State*, 145 S.W.3d 458, 464 (Mo. App. W.D. 2004); and then *White v. State*, 290 S.W.3d 162,166 (Mo. App. E.D. 2009)).

The Court finds that the decision of the Missouri Court of Appeals is entitled to deference. Petitioner has not provided any evidence that juror Smith made an impermissible affirmative statement indicating that she had bias against Petitioner. Her answers during voir dire—that she hoped that her daughter's experience would not render her impartial, that she could not say one way or another how that experience would impact her, and that she would approach this case with a "broad view"—are, at most, "equivocal" statements. Without more, Petitioner cannot prove his attorneys were ineffective for failing to strike or follow-up with Smith. As a result, Count One and Two of Petitioner's habeas petition will be denied.

**B. Count Three: Trial Court's Error in Denying Trial Attorneys' Motion to Withdraw**

In his third ground for relief, Petitioner argues that the trial court erred when it denied his attorney's motion to withdraw from his case. The motion to withdraw alleged that one of Petitioner's lawyers had a conflict of interest because her husband—who was also her law

partner—was representing Petitioner's co-defendant in a separate case and that the co-defendant's defense was inconsistent with Petitioner's. Petitioner argued in his post-conviction motion that, had there been no conflict, his trial attorney would have argued that the victim had mistaken Petitioner for the co-defendant. Because his trial attorney could not ethically make that argument, he argued, he was prejudiced by her conflict of interest.

Petitioner did not, however, raise this argument on direct appeal. As a result, he did not exhaust his state remedies and his claim is procedurally defaulted. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." (citing 28 U.S.C. § 2254(b)(1)(A))). Because Petitioner did not raise his claim in state court, he forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)). "Cause for a procedural default exists where 'something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

Petitioner's habeas petition is silent as to why the Court should consider this procedurally defaulted claim; he makes no showing of cause and prejudice or of actual innocence. In his post-conviction motion and appeal, however, he argued that the failure to raise this claim was the result of ineffective assistance from his direct appeal counsel. Ineffective assistance of direct appeal counsel may be used to establish cause if the claim for ineffective assistance was presented to the state court as an independent claim. *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003). Because Petitioner raised the argument that his direct appeal attorney was ineffective for failing to

bring this claim in his post-conviction appeal, the Court will consider whether it excuses his procedural default.

To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When, as here, an ineffective assistance of counsel claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

Here, Petitioner argued in his post-conviction motion that his direct appeal counsel failed to raise the claim because of neglect and oversight and that, as a result, he was prejudiced because the Missouri Court of Appeals would have been "legally obligated" to grant him a new trial due to the conflict of interest. The Missouri Court of Appeals, however, ultimately found that Petitioner's ineffective assistance of counsel claim failed because Petitioner's underlying claim of trial error was meritless. The Court of Appeals found that Petitioner did not provide proof of an actual conflict and that, even to the extent that a conflict existed, that it was irrelevant because Petitioner affirmatively waived the conflict. The Missouri Court of Appeals explained:

> Movant does not allege facts regarding the existence of an "actual conflict" and instead merely concludes that because his co-defendant was represented by his counsel's law partner, there was a "very real conflict" alleged in the motion to withdraw. But even if this dual representation of co-defendants by the same law office did create an actual conflict, Movant affirmatively waived it in writing and filed the waiver with the court after the motion to withdraw was denied. The waiver

> stated that he had been informed of the possible conflict because of his counsel's office representing his co-defendant, but "being fully advised of these risks" he waived the conflict and wished to remain represented by counsel. Movant does not contend that this waiver was ineffective for some reason or that his consent to keeping counsel was not knowingly, voluntarily or intelligently given.
>
> Movant's affirmative waiver of any conflict presented by the dual representation remedied the conflict, which refutes the allegations of the existence of a conflict and any prejudice resulting therefrom in his amended motion. See Under these circumstances, Movant cannot now claim that he was prejudiced by the conflict he waived . . . .

(Doc. No. 6-15 at 10-11 (citing *Henderson v. State*, 734 S.W.2d 254, 258 (Mo. App. S.D. 1987)).

Again, the Court finds that the Missouri Court of Appeal's judgment is entitled to deference. Assuredly, Petitioner had a Sixth Amendment right "to representation that [was] free from conflicts of interest." *Wiggins v. Koster*, No. 4:07CV1288 TCM, 2011 WL 940501, at *26 (E.D. Mo. Mar. 16, 2011) (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981)). However, Petitioner also had the right to waive his right to a non-conflicted lawyer. *United States v. Edelmann*, 458 F.3d 791, 807 (8th Cir. 2006) ("Because a defendant may waive his right to counsel, the defendant may also waive the right to counsel free from serious conflicts of interest." (citing *United States v. Levine*, 794 F.2d 1203, 1206 (7th Cir.1986)) As long as Petitioner was "aware of the conflict, realize[d] the consequence to his defense that continuing with counsel under the onus of a conflict could have, and also [was] aware that he ha[d] the right to obtain other counsel," it was his choice whether to be represented by Taaffe. *Id.*

Here, Petitioner signed and filed a waiver that stated:

> I, Jeffrey Smith, have been informed of a possible conflict of interest between myself and Finese Spiller. I have been advised of the possible effects on loyalty, confidentiality, and the attorney-client privilege and the advantages and risks involved in the continued representation of me and Finese Spiller by the attorney[s] of Taaffe & Associates.
>
> I know that my waiver of conflict may be revoked at any time. Being fully advised of these risks and my rights to effective assistance of counsel I do hereby

> waive any conflict of interest and wish to remain represented by Taafe & Associates.

(Doc. No. 6-18). This waiver reflects that Petitioner was aware of the conflict, the conflict's potential effects on his representation, and that he could revoke his waiver at any time. At no point has Petitioner argued that his waiver was unknowingly, unintelligently, or involuntarily made. Consequently, Petitioner's waiver is valid, and he cannot now claim the existence of an unconstitutional conflict of interest.

Because the Court agrees that the underlying trial error claim would have been non-meritorious even if raised, the Court finds that Petitioner's claim must be denied for two overlapping reasons. First, because his direct appeal attorney could not have been ineffective for failing to raise a meritless claim, Petitioner has not established cause to excuse his non-exhaustion and the claim is, thus, procedurally defaulted. *See United States v. Johnson*, 707 F.2d 317, 323 (8th Cir. 1983) (finding that an attorney cannot be ineffective for failing to raise a non-meritorious argument). Second, even if the claim had not been defaulted, the Court of Appeals was correct in holding that Petitioner waived this claim by filing his valid, affirmative waiver. As a result, Petitioner's third ground for relief is both defaulted and meritless and will, therefore, be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of July, 2020.